An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MADELINE L. DICICCO,
Appellant,
vs.
SEAN DICICCO,
Respondent.

No. 58765

**FILED**

FEB 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a fast track appeal from a district court post-divorce decree order concerning child custody. Eighth Judicial District Court, Family Court Division, Clark County; T. Arthur Ritchie, Jr., Judge.

The parties were previously divorced, and the district court granted respondent primary physical custody of the parties' minor child, subject to appellant's visitation rights, and granted the parties joint legal custody. The parties later stipulated to, and the district court approved, a visitation schedule in which appellant was granted visitation three days out of each week. This schedule was set "on a temporary basis" and was contingent upon appellant's continued compliance with other court requirements.

After the visitation order had been in place for approximately nine months, appellant moved the district court to change the characterization of the parties' custody arrangement to one of joint physical custody. Appellant's motion was based on the fact that she had in fact exercised the visitation schedule as set by the district court, resulting in appellant having physical custody of the minor child more than 40 percent of the time. Appellant also argued that she had taken on significant parenting responsibilities. The district court denied appellant's

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04987

motion without a hearing, stating that appellant's motion failed to show adequate cause to reopen the issue of custody. This appeal followed.

In Rivero v. Rivero, this court established guidelines for determining physical custody arrangements and held that "absent evidence that joint physical custody is not in the best interest of the child, if each parent has physical custody of the child at least 40 percent of the time, then the arrangement is one of joint physical custody." 125 Nev. 410, 427, 216 P.3d 213, 225 (2009). The record on appeal shows that appellant has had physical custody of the parties' daughter more than 40 percent of the time since August 2010. Absent evidence that it is not in the best interest of the parties' minor child, under Rivero the arrangement between appellant and respondent is one of joint physical custody. Accordingly, it was an abuse of the district court's discretion to deny appellant's motion without a hearing and without any specific findings that it is not in the best interest of the parties' minor child that the parties have joint physical custody. See Wallace v. Wallace, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court to hold an evidentiary hearing to determine whether joint custody is not in the best interest of the parties' minor child.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. T. Arthur Ritchie, Jr., District Judge, Family Court Division
Carolyn Worrell, Settlement Judge
Robert W. Lueck, Esq.
Black & LoBello
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A